UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BRYAN L. FLOWERS,

Plaintiff,

v.  CAUSE NO. 1:20-CV-462-HAB-SLC

VILLAGES OF HANNA, et al.,

Defendants.

OPINION AND ORDER

Bryan L. Flowers, a prisoner without a lawyer, filed a complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Flowers is currently serving an 85-year sentence for murder. *See Flowers v. State*, 154 N.E.3d 854 (Ind. Ct. App. 2020). He filed this federal complaint against twelve defendants who were involved in the investigation and prosecution of his case. The details of the complaint are hard to make out, but his main argument is that he is innocent of the crime and the defendants fabricated evidence to convict him. According to the complaint, the state's eyewitness, who identified Flowers as the shooter, was

actually the person who shot the victim, and the detective who investigated the case manipulated the surveillance video to convict him.

Flowers' complaint does not state a claim upon which relief may be granted. "[A] police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012). However, a plaintiff may not bring a due process claim based on fabricated evidence until the state criminal conviction is overturned or otherwise set aside. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156-58 (2019). Flowers cannot challenge his existing state court conviction with an action under 28 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . .."). The "favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 139 S. Ct. at 2157.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, the complaint makes clear that the criminal conviction is still in effect. While that criminal conviction is still valid, any amendment to the complaint would be futile.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 22, 2021.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT